## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CONTRELL PLUMMER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 20-cv-977-NJR |
| | ) |
| **ROB JEFFREYS, WEXFORD HEALTH SOURCES, INC., CHRISTINE BROWN, JOHN/JANE DOE #1 HEALTH CARE ADMINISTRATOR, JOHN/JANE DOE #3, STATE OF ILLINOIS, JOHN/JANE DOE #4, and A. DEARMOND,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Contrell Plummer, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Plummer alleges he was improperly charged co-pays for medical care. He seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plummer makes the following allegations in the Complaint (Doc. 1): Plummer has been charged co-pays for his doctors and dental visits. On August 27, 2019, he was called to the dental hygienist and told to sign the $5.00 co-pay form or be rescheduled for the dentist appointment (*Id.* at p. 13). On April 24, 2019, he signed another $5.00 co-pay when he experienced numbness in his arm after being prescribed medication by Dearmond (*Id.*). He signed another co-pay for other treatment on June 12, 2019 (*Id.*). If an inmate refuses to sign the co-pay form, the nurse and correctional officer will sign the form. He has signed co-pay forms for treatment for years. Although he has complained about having to sign the form, he has been told to file a grievance (*Id.* at p. 14). He believes that it is wrong to be charged a co-pay and a misreading of the statute, 730 ILCS 5/3-6-2(f) by Wexford and IDOC (*Id.* at pp. 14-15). Instead, they have adopted a policy where all inmates must sign the form or staff will sign for them and the funds will be transferred to the Juvenile Justice Department.

## Discussion

Simply put, Plummer fails to state a claim. He does not identify any constitutional violation by any of the Defendants. Although he argues that Defendants' policy of requiring inmates to sign a co-pay form is a misinterpretation of Illinois statute and a violation of a previous Illinois court case, he fails to indicate how Defendants have violated his constitutional rights. An inmate's constitutional rights are not violated by the collection of a fee for prison medical services. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution"). The Eighth Amendment "does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care." *Id.* at 1026. Plummer makes no claim that he was unable to

afford the copayment or that his treatment was delayed or denied because of it. An inmate who "opt[s] to refuse treatment rather than part with his money" cannot prevail on an Eighth Amendment claim because "[e]ven though he was in pain until he received treatment, the delay in receiving care was of his own making." *Id.* at 1027. Accordingly, Plummer's Complaint is **DISMISSED without prejudice**. The mere requirement to sign a co-payment form in order to receive care states no claim. To the extent that he seeks to allege that Defendants denied or delayed him care for any refusal to sign the co-pay form, the Court **GRANTS** him leave to amend his Complaint.

## Disposition

For the reasons stated, the Complaint is **DISMISSED without prejudice**. Plummer is **GRANTED** leave to file a "First Amended Complaint" on or before **February 4, 2021**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and he must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plummer is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plummer is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/4/2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**