IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONTRELL PLUMMER,                                )<br>                                                                )<br>          Plaintiff,                                      )<br>                                                                )<br>vs.                                                            )         Case No. 20-cv-977-NJR<br>                                                                )<br>                                                                )<br>ROB JEFFREYS, WEXFORD HEALTH   )<br>SOURCES, INC., CHRISTINE BROWN, )<br>JOHN/JANE DOE #1 HEALTH CARE     )<br>ADMINISTRATOR, JOHN/JANE DOE #3, )<br>STATE OF ILLINOIS, JOHN/JANE DOE #4, )<br>JOHN/JANE DOE #2 IDOC/WEXFORD    )<br>HEALTH CARE ADMINISTRATORS, and )<br>A. DEARMOND,                                      )<br>                                                                )<br>          Defendants.                                 )  | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Contrell Plummer, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. His original Complaint regarding co-pays for medical care was dismissed without prejudice for failure to state a claim (Doc. 8). In his Amended Complaint (Doc. 9), Plummer again alleges that he was improperly charged co-pays in violation of the Fourteenth Amendment. Plummer seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Amended Complaint**

Plummer makes the following allegations in the Amended Complaint (Doc. 9): Plummer complains about a number of co-pays he was required to sign for in order to obtain medical care. On August 27, 2019, he was required to sign a co-pay for dental care. If he did not sign for the co-pay, he would have been forced to reschedule his appointment, which has a one and a half to two year waiting list (*Id*. at p. 15). On April 24, 2019, he was forced to sign a co-pay for treatment for numbness brought on by a medication prescribed by A. Dearmond (*Id.*). On June 12, 2019, he was forced to sign another co-pay for treatment. If he refused to sign, the nurse would have signed it for him.

Plummer disagrees with the co-pay requirement for medical care. He has been required to pay the co-pays for years and was told to file a grievance if he has a problem with the co-pay requirement (*Id*. at p. 16). He alleges that this is a continuing wrong made by Wexford and IDOC officials and a mischaracterization of the law requiring co-pays from inmates for healthcare, citing a prior version of 730 ILCS 5/3-6-2(f).[1] Plummer takes issue with the fact that staff sign the co-pay voucher if an inmate refuses. He alleges this policy violates a protected liberty interest and amounts to a taking of his property (*Id*. at p. 17). He was also improperly charged co-pays for reoccurring illnesses and when he was indigent (*Id*. at pp. 17-18). He alleges this violates his property rights and constitutes cruel and unusual punishment (*Id*. at

---

[1] Section 5/3-6-2(f) at the time read: "In the event that the person requires medical care and treatment at a place other than the institution or facility, the person may be removed therefrom under conditions prescribed by the Department. The Department shall require the committed person receiving medical or dental services on a non-emergency basis to pay a $5 co-payment to the Department for each visit for medical or dental services. The amount of each co-payment shall be deducted from the committed person's individual account. A committed person who has a chronic illness, as defined by Department rules and regulations, shall be exempt from the $5 co-payment for treatment of the chronic illness. A committed person shall not be subject to a $5 co-payment for follow-up visits ordered by a physician, who is employed by, or contracts with, the Department. A committed person who is indigent is exempt from the $5 co-payment." 730 Ill. Comp. Stat. Ann. 5/3-6-2 (2019). Plummer cites a prior version which implemented a $2 co-pay. The law changed in 2020 to prohibit IDOC from collecting co-payments: "In the event that the person requires medical care and treatment at a place other than the institution or facility, the person may be removed therefrom under conditions prescribed by the Department. Neither the Department of Corrections nor the Department of Juvenile Justice may require a committed person or person committed to any facility operated by the Department of Juvenile Justice, as set forth in Section 3-2.5-15 of this Code, to pay any co-payment for receiving medical or dental services." See also Colasurdo v. Hansen, Case No. 17-cv-1215-CSB, 2020 WL 5650408 (C.D. Ill. Aug. 24, 2020).

p. 18). Plummer seeks reimbursement for all co-pays collected, as well as clarification as to where the co-pays went.

### Discussion

The Court dismissed Plummer's original Complaint, which included nearly identical allegations, because he failed to state a claim. At that time, the Court noted that Plummer failed to identify a violation of his constitutional rights. As previously noted, an inmate's constitutional rights are not violated by the collection of a fee for prison medical services. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution"); *Hightower v. Godinez*, 524 F. App'x 294, 296 (7th Cir. 2013) ("[T]o the extent [the plaintiff] argues that he was exempt from the co-payment because he met a statutory exception for treatment of 'chronic' pain, *see* 730 ILCS § 5/3-6-2(f), that is a question of state law, which cannot form the basis for a [Section] 1983 claim."). Further, the Eighth Amendment "does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care." *Poole*, 703 F.3d at 1026. Although Plummer now alleges that the co-pay policy violates his liberty interests and constitute a taking of his property, he offers no basis for such a claim. *See Poole*, 703 F.3d at 1027 (modest fee does not violate the constitution). Nor is there any indication that Plummer was denied care due to issues with the co-pay. As such, the Court finds that Plummer again fails to state a claim.

This is Plummer's second attempt to provide the Court with factual allegations that would state a claim. The Court finds that any additional amendment would be futile. Accordingly, the Amended Complaint, along with this entire action, will be **DISMISSED with prejudice**. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

### Disposition

Accordingly, Plummer's Amended Complaint (Doc. 9) is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted**.** This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Plummer wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plummer does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  5/20/2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**